# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 99-60586
Summary Calendar

—————————

RONNIE E. YOUNG AND PATRICIA YOUNG, INDIVIDUALLY,
AND AS MOTHER AND NEXT FRIEND OF LESLEY YOUNG, A MINOR,

Plaintiffs-Appellants,

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
AND STATE FARM FIRE AND CASUALTY COMPANY,

Defendants-Appellees.

—————————

Appeal from the United States District Court
for the Northern District of Mississippi

—————————

March 29, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Ronnie and Patricia Young appeal a summary judgment in favor of State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm"). Concluding that there are fact issues tht preclude summary judgment, we reverse and remand.

## I.

Plaintiffs's daughter, Lesley Young, was struck by a car in February 1996 and suffered substantial injuries. The driver of the car left the scene and has not been found or identified. Lesley was twenty years old and had been on the road, away from her parents home, since May 1995. She recently had dropped out of college and received only minimal financial support from her parents.[1]

On the date of the accident, Ronnie Young

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although Lesley did receive approximately $1,000 from her father before leaving home, neither side seriously contends that this amount could qualify as material financial support for the lengthy time she was gone. Indeed, while there is a dearth of evidence as to how Lesley supported herself, it is beyond dispute that the large part of her support came from some other source(s).

had a health insurance policy with State Farm, on which Lesley was a named insured, and several automobile insurance policies and umbrella policies issued by State Farm that provided for uninsured motorist coverage. The automobile policies defined insureds for purposes of uninsured motorist coverage to include "a person related to [the named insured]" "who lives with [the named insured]." Similarly, the umbrella policy defined an insured to include "the following residents of the named insured's household: (1) the named insured's relatives, and (2) anyone under the age of 21 under the care of the person named above." Thus, both policies required that Lesley "live[] with" or "reside[]" with Ronnie Young to qualify as an insured.

Ronnie Young initially filed a claim only on the health insurance policy. Although there was no question that Lesley was covered by it, and although Ronnie Young stated that he was not making a claim for uninsured motorist coverage, State Farm's health insurance division notified the automobile insurance division about the potential application of uninsured motorist and medical payments coverage under the automobile policies. State Farm also began an investigation into the facts surrounding the accident and Lesley's status as a member of the household. The investigation delayed the payment under the health insurance policy.

The plaintiffs sued in state court seeking coverage for Lesley under the uninsured motorist provisions of Ronnie Young's automobile and umbrella policies. Plaintiffs asserted breach of contract and the independent tort of bad faith breach of contract.[2] State Farm counterclaimed for a

---

[2] Plaintiffs also included an opaque assertion of fraud related to State Farm's handling of their claims. They have not, however, presented any evidence of bad faith or fraud. Instead, the evidence shows that State Farm had a legitimate reason to delay in paying on the health insurance policy, even though they were ultimately liable under it. Because there is no evidence supporting
(continued...)

declaratory judgment denying Lesley the rights of the insured.

Following removal to federal court, State Farm moved for summary judgment. The court struck certain evidence submitted by plaintiffs in response to the motion and entered summary judgment. Then, in denying plaintiffs' motion to reconsider, the court refused to consider a newly-submitted affidavit of Lesley's, ruling that it was untimely. Plaintiffs appeal the summary judgment and the exclusion of certain "expert" testimony and of the affidavit.

II.

Plaintiffs contend that the undisputed facts establish that Lesley was a resident of her parents' home and that her absence from it was merely a "sojourn" undertaken with intent to return. They argue that, at a minimum, they have submitted enough evidence to create a material issue of fact as to whether Lesley Young still resided at home.

There is no dispute with respect to the underlying historical facts, but only as to the consequences of Lesley's extended absence from home and whether, as a matter of law, she can qualify as a "resident." This is an issue that is proper for summary judgment. *See Johnson v. Preferred Risk Auto. Ins. Co.*, 659 So. 2d 866, 870 (Miss. 1995).

Under Mississippi law, "residence" requires (1) presence and (2) an intent to remain for some time. *Id.* at 872. This does not require that Lesley remain at her parents' home the entire year, however, and the analysis of residency under Mississippi law recognizes a flexible, case-by-case approach, which includes a balancing of all of the facts. *Id.* ("'Resident' has no technical or fixed meaning; the term is 'flexible, elastic, slippery, and somewhat ambiguous.'").

---

(...continued)
this charge, and because plaintiffs do not seriously defend it on appeal, we disregard this portion of the complaint.

Plaintiffs frame the issue as whether Lesley was emancipated. They correctly observe that if she was not, she must be considered a resident of Ronnie Young's household, because "[a] minor is legally unable to establish a residence separate and apart from his or her parents." *Aetna Cas. and Sur. Co. v. Williams*, 623 So. 2d 1005, 1010 (Miss. 1993). Although the district court analyzed the issue as one requiring interpretation of State Farm's policies and the definition of insured, it is plain under Mississippi law that the term "resident" in an uninsured motorist provision must be construed broadly "to avoid or preclude exception or exemptions from coverage." *Id.* at 1008.

The district court did not abuse its discretion in excluding Lesley Young's untimely-submitted affidavit, and, as a result, plaintiffs cannot establish a material fact as to whether she intended to return home following her travels.[3] The only other statements supporting this assertion were stricken from Patricia Young's affidavit, and plaintiffs do not challenge that ruling.

Nevertheless, State Farm has not presented sufficient evidence that Lesley or her parents intended that she be emancipated. This is not a case like *Rennie v. Rennie*, 718 So. 2d 1091, 1094 (Miss. 1998) in which "[s]ince [the child] voluntarily chose emancipation, she may not now revoke her irresponsible launch into adulthood." Rather, here there is no properly submitted evidence *at all* with respect to Lesley's intentions, but only inferences that can be drawn from her decision to travel for over nine months with minimal contact with her parents, apparently supporting herself in large part on her own.

Nothing about this behavior is inconsistent with plaintiffs' argument that Lesley planned to return home. Thus, the ultimate issue is who bears the burden of proof to establish or deny residency. Because only an "insured" is covered by the policies, plaintiffs bear the initial burden to show that Lesley resided with Ronnie Young. They met that burden when they proved that she was a minorSSi.e., under twenty-one years oldSSbecause minors legally reside with their parents. *See Aetna*.

---

[3] Likewise, the district court did not err in striking Dale C. Crawford as an expert witness. Though he worked in the insurance industry for over 30 years, he could not be called on to testify to the legal question of who is a "resident" under Mississippi law. *See Matthews v. Ashland Chem. Co.*, 770 F.2d 1303, 1311 (5th Cir. 1985); *Owen v. Kerr-McGhee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

At this point, the burden shifted to State Farm to rebut plaintiffs' showing by proving that Lesley was not a minor because she had been emancipated. The evidence of her travels, combined with the limited contact and financial support from her parents, is insufficient, without more, to establish such emancipation as a matter of law for purposes of summary judgment. This is particularly true given the undisputed facts properly submitted by plaintiffs: that Lesley's voter registration remained in her parents' county, that during her travels she had not taken a full-time job to support herself, that she never rented or owned any property, that she left most of her clothing at home with her parents, that they had not sought a judicial emancipation, and that she was given a phone card by her parents to call while she traveled. As further indication that they did not intend that Leslie be emancipated, plaintiffs emphasize that Ronnie Young maintained health insurance on Lesley.

We do not decide the issue here, but only determine that the question of intent is for a fact finder and is not appropriate for summary judgment. Accordingly, the summary judgment is REVERSED and REMANDED for further proceedings.[4]

---

[4] State Farm's motion to dismiss the claims of Ronnie and Patricia Young for lack of standing is DENIED.